**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATHAN O. LIPSCOMB,
Petitioner-Appellant,

v.

No. 96-7114

STATE OF SOUTH CAROLINA; T. TRAVIS
MEDLOCK, Attorney General of the
State of South Carolina,
Respondents-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Patrick Michael Duffy, District Judge.
(CA-94-2232-3-23BD)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Gaston Fairey, Rochelle Romosca McKim, FAIREY, PARISE &
MILLS, P.A., Columbia, South Carolina, for Appellant. Donald J.
Zelenka, Assistant Deputy Attorney General, Columbia, South Caro-
lina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Nathan O. Lipscomb appeals the district court's order accepting the report and recommendation of the magistrate judge and dismissing his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1997). Lipscomb argues on appeal that the district court erred in concluding that trial counsel was not ineffective for his failure to object to certain comments to the jury by the trial court. Because we find that trial counsel's decision on this issue did not fall below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 688, 687-91 (1984), we deny a certificate of appealability and dismiss this appeal.

On appeal, Lipscomb contends that counsel should have recognized that the trial court's comments to the jury as they recessed after the completion of the Government's case amounted to an impermissibly coercive Allen charge. Allen v. United States, 164 U.S. 492 (1896). An Allen charge is an instruction issued during deliberations that advises "deadlocked jurors to have deference to each other's views, that they should listen, with a disposition to be convinced, to each other's argument." United States v. Seeright, 978 F.2d 842, 845 n.* (4th Cir. 1992). Lipscomb urges that the error was especially egregious when considered in conjunction with the instructions regarding the necessity of a unanimous verdict.

In this case, the comments were uttered before the jury began its deliberation. There is no suggestion that the jurors were ever deadlocked.[1] The comments that Lipscomb contends amounted to an impermissible Allen instruction resulting in ineffective assistance of counsel were not a portion of the charge to the jury at all, but part and parcel of the judge's admonition to not begin deliberating until the

_____

[1] They reached a verdict in less than two and one-half hours. Appellant's Br. at 5.

2

close of the entire trial.[2] The trial court re-emphasized the need for unanimity and for the jury to reach a verdict in its actual instructions to the jury before they retired to deliberate. Because the jury had not yet begun to deliberate, they could not have been deadlocked.

The primary concern addressed in Allen is that deadlocked jurors with sincerely held convictions, who are nonetheless in the minority, might have their independent will overborne by a trial court's coercive attempt to dynamite the stalemate. United States v. Martin, 756 F.2d 323, 326 (4th Cir. 1985). A more subtle form of that prejudice to the defendant arises where "jurors are asked to think about giving up their firmly held beliefs." United States v. Burgos, 55 F.3d 933, 940 (4th Cir. 1995). That concern is in no way at stake in this case. No juror should have had a sincerely held conviction regarding the case that could have been overborne by the trial court's comments. Consequently, the trial court's instructions simply did not amount to an Allen charge. As a result, Lipscomb's counsel did not fall below an objective standard of reasonableness when he failed to object to the comment and jury instructions.

_____

[2] Lipscomb identifies the following passage as the trial judge's error:

> Please keep in mind my earlier instructions regarding not discussing this among yourselves or with anyone else. Now, the reason I told you not to get -- not to begin deliberating this case in your own mind is that whatever your decision is tomorrow or the next day or whenever it's reached, is going to have to be unanimous. That means 12 of you are going to have to agree.
>
> Being married I knew (sic) it's tough sometimes for two people to reach a unanimous decision, but you're going to have to reach a unanimous decision. That way you do that is to be considerate of each other. Reason with each other; and at this point, if you become entrenched in your views, it's going to be difficult for you to reach a unanimous verdict and to be considerate with your fellow jurors.
>
> So, in your own minds, don't try to reach a verdict yet. You've just heard one side. It's like allowing a baseball team to bat and then call off the game before the other side gets up. Have a nice evening.

J.A. 14-15.

3

Furthermore, Lipscomb's habeas counsel cannot identify any authority to support the position that an instruction prior to the formal charge to the jury in anticipation of a deadlock amounts to an impermissibly coercive <u>Allen</u> charge. Consequently, any decision holding that the trial judge's comments were error would be an extension of the <u>Allen</u> doctrine. We decline to decide that counsel was ineffective for his failure to advance a novel argument unsupported by any authority. <u>See Honeycutt v. Mahoney</u>, 698 F.2d 213, 217 (4th Cir. 1983) (noting counsel not ineffective for "failure to perceive" extension of precedent). As a result, the district court did not err in accepting the report and recommendation of the magistrate judge and dismissing Lipscomb's motion. Accordingly, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>DISMISSED</u>

4